# EXHIBIT G

# Manual of PATENT EXAMINING PROCEDURE

Original Eighth Edition, August 2001
Latest Revision September 2007



U.S. DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

Rev. 6, Sept. 2007

The U.S. Patent and Trademark Office does not handle the sale of the Manual, distribution of notices and revisions, or change of address of those on the subscription list. Correspondence relating to existing subscriptions should be sent to the Superintendent of Documents at the following address:

    Superintendent of Documents    Telephone:  202-512-2267
    Mail List Section
    Washington, DC 20402

Inquiries relating to purchasing the Manual should be directed to:

    Superintendent of Documents    Telephone:  202-512-1800
    United States Government Printing Office
    Washington, DC 20402

Orders for reproduced copies of individual replacement pages or of previous revisions of the Manual should be sent to the following address:

    Mail Stop Document Services    Telephone:  1-800-972-6382 or 571-272-3150
    Director of the U.S. Patent and Trademark Office
    P.O. Box 1450
    Alexandria, VA 22313-1450

Previous editions and revisions of the Manual are available on microfilm in the Patent Search Room.
The Manual is available on CD-ROM and on diskette from:

    U.S. Patent and Trademark Office    Telephone:  571-272-5600
    Office of Electronic Information Products
    MDW 4C18, P.O. Box 1450
    Alexandria, VA 22313-1450

Employees of the U.S. Patent and Trademark Office should direct their requests for the Manual, replacement pages, notices, and revisions to the Office of Patent Training.    Telephone:  571-272-7222

Pursuant to the Patent and Trademark Office Efficiency Act (PTOEA) (Pub. L. 106-113, 113 Stat. 1501A-572), the head of the United States Patent and Trademark Office (USPTO) is the "Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office." The Director is assisted by the "Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office." The patent operations of the USPTO are now headed by the "Commissioner for Patents." The trademark operations of the USPTO are now headed by the "Commissioner for Trademarks." Under section 4741(b) of the PTOEA, any reference to the Commissioner of Patents and Trademarks, the Assistant Commissioner for Patents, or the Assistant Commissioner for Trademarks is deemed to refer to the Director, the Commissioner for Patents, or the Commissioner for Trademarks, respectively. See "Reestablishment of the Patent and Trademark Office as the United States Patent and Trademark Office" published in the *Federal Register* at 65 FR 17858 (Apr. 5, 2000), and in the *Official Gazette of the United States Patent and Trademark Office* at 1234 O.G. 41 (May 9, 2000).

Additions to the text of the Manual are indicated by arrows (><) inserted in the text. Deletions are indicated by a single asterisk (*) where a single word was deleted and by two asterisks (**) where more than one word was deleted. The use of three or five asterisks in the body of the laws, rules, treaties, and administrative instructions indicates a portion of the law, rule, treaty, or administrative instruction which was not reproduced.

    First Edition, November 1949
    Second Edition, November 1953
    Third Edition, November 1961
    Fourth Edition, June 1979
    Fifth Edition, August 1983
    Sixth Edition, January 1995
    Seventh Edition, July 1998
    Eighth Edition, August 2001
      Revision 1, February 2003
      Revision 2, May 2004
      Revision 3, August 2005
      Revision 4, October 2005
      Revision 5, August 2006
      Revision 6, September 2007

# Chapter 700 Examination of Applications

| | |
|---|---|
| 701 | Statutory Authority for Examination |
| 702 | Requisites of the Application |
| 702.01 | Obviously Informal Cases |
| 703 | "General Information Concerning Patents" |
| 704 | Search and Requirements for Information |
| 704.01 | Search |
| 704.10 | Requirements for Information |
| 704.11 | What Information May Be Required |
| 704.11(a) | Examples of Information Reasonably Required |
| 704.11(b) | When May a Requirement for Information Be Made |
| 704.12 | Replies to a Requirement for Information |
| 704.12(a) | Relationship of Requirement for Information to Duty of Disclosure |
| 704.12(b) | What Constitutes a Complete Reply |
| 704.12(c) | Treatment of an Incomplete Reply |
| 704.13 | Time Periods for Reply |
| 704.14 | Making a Requirement for Information |
| 704.14(a) | Format of the Requirement |
| 704.14(b) | Examiner's Obligation Following Applicant's Reply |
| 704.14(c) | Petitions to Requirements Under 37 CFR 1.105 |
| 704.14(d) | Relationship to Information Disclosure Statements |
| 705 | Patentability Reports |
| 705.01 | Instructions re Patentability Reports |
| 705.01(a) | Nature of P.R., Its Use and Disposal |
| 705.01(b) | Sequence of Examination |
| 705.01(c) | Counting and Recording P.R.s |
| 705.01(d) | Duplicate Prints of Drawings |
| 705.01(e) | Limitation as to Use |
| 705.01(f) | Interviews With Applicants |
| 706 | Rejection of Claims |
| 706.01 | Contrasted With Objections |
| 706.02 | Rejection on Prior Art |
| 706.02(a) | Rejections Under 35 U.S.C. 102(a), (b), or (e); Printed Publication or Patent |
| 706.02(b) | Overcoming a 35 U.S.C. 102 Rejection Based on a Printed Publication or Patent |
| 706.02(c) | Rejections Under 35 U.S.C. 102(a) or (b); Knowledge by Others or Public Use or Sale |
| 706.02(d) | Rejections Under 35 U.S.C. 102(c) |
| 706.02(e) | Rejections Under 35 U.S.C. 102(d) |
| 706.02(f) | Rejections Under 35 U.S.C. 102(e) |
| 706.02(f)(1) | Examination Guidelines for Applying References Under 35 U.S.C. 102(e) |
| 706.02(f)(2) | Provisional Rejections Under 35 U.S.C. 102(e); Reference Is a Copending U.S. Patent Application |
| 706.02(g) | Rejections Under 35 U.S.C. 102(f) |
| 706.02(h) | Rejections Under 35 U.S.C. 102(g) |
| 706.02(i) | Form Paragraphs for Use in Rejections Under 35 U.S.C. 102 |
| 706.02(j) | Contents of a 35 U.S.C. 103 Rejection |
| 706.02(k) | Provisional Rejection (Obviousness) Under 35 U.S.C. *103 >Using Provisional Prior Art Under 35 U.S.C. 102(e)< |
| 706.02(l) | Rejections Under 35 U.S.C. 103(a) Using Prior Art Under Only 35 U.S.C. 102(e), (f), or (g) |
| 706.02(l)(1) | Rejections Under 35 U.S.C. 103(a) Using Prior Art Under 35 U.S.C. 102(e), (f), or (g); Prior Art Disqualification Under 35 U.S.C. 103(c) |
| 706.02(l)(2) | Establishing Common Ownership or Joint Research Agreement |
| 706.02(l)(3) | Examination Procedure with Respect to 35 U.S.C. 103(c) |
| 706.02(m) | Form Paragraphs for Use in Rejections Under 35 U.S.C. 103 |
| 706.02(n) | Biotechnology Process Applications; 35 U.S.C. 103(b) |
| 706.03 | Rejections Not Based on Prior Art |
| 706.03(a) | Rejections Under 35 U.S.C. 101 |
| 706.03(b) | Barred by Atomic Energy Act |
| 706.03(c) | Rejections Under 35 U.S.C. 112, First Paragraph |
| 706.03(d) | Rejections Under 35 U.S.C. 112, Second Paragraph |
| 706.03(k) | Duplicate Claims |
| 706.03(m) | Nonelected Inventions |
| 706.03(o) | New Matter |
| 706.03(s) | Foreign Filing Without License |
| 706.03(u) | Disclaimer |
| 706.03(v) | After Interference or Public Use Proceeding |
| 706.03(w) | *Res Judicata* |
| 706.03(x) | Reissue |
| 706.04 | Rejection of Previously Allowed Claims |
| 706.05 | Rejection After Allowance of Application |
| 706.06 | Rejection of Claims Copied From Patent |
| 706.07 | Final Rejection |
| 706.07(a) | Final Rejection, When Proper on Second Action |
| 706.07(b) | Final Rejection, When Proper on First Action |
| 706.07(c) | Final Rejection, Premature |
| 706.07(d) | Final Rejection, Withdrawal of, Premature |
| 706.07(e) | Withdrawal of Final Rejection, General |
| 706.07(f) | Time for Reply to Final Rejection |
| 706.07(g) | Transitional After-Final Practice |
| 706.07(h) | Request for Continued Examination (RCE) Practice |

MANUAL OF PATENT EXAMINING PROCEDURE

| | | | |
|---|---|---|---|
| **707** | **Examiner's Letter or Action** | 710.02(b) | Shortened Statutory Period: Situations in Which Used |
| 707.01 | Primary Examiner Indicates Action for New Assistant | 710.02(c) | Specified Time Limits: Situations In Which Used |
| 707.02 | Applications Up for Third Action and 5-Year Applications | 710.02(d) | Difference Between Shortened Statutory Periods for Reply and Specified Time Limits |
| 707.05 | Citation of References | 710.02(e) | Extension of Time |
| 707.05(a) | Copies of Cited References | 710.04 | Two Periods Running |
| 707.05(b) | Citation of Related Art and Information by Applicants | 710.04(a) | Copying Patent Claims |
| 707.05(c) | Order of Listing | 710.05 | Period Ending on Saturday, Sunday, or a Federal Holiday |
| 707.05(d) | Reference Cited in Subsequent Actions | 710.06 | Situations When Reply Period Is Reset or Restarted |
| 707.05(e) | Data Used in Citing References | | |
| 707.05(f) | Effective Dates of Declassified Printed Matter | **711** | **Abandonment of Patent Application** |
| 707.05(g) | Incorrect Citation of References | 711.01 | Express or Formal Abandonment |
| 707.06 | Citation of Decisions, Orders Memorandums, and Notices | 711.02 | Failure To Take Required Action During Statutory Period |
| 707.07 | Completeness and Clarity of Examiner's Action | 711.02(a) | Insufficiency of Reply |
| 707.07(a) | Complete Action on Formal Matters | 711.02(b) | Special Situations Involving Abandonment |
| 707.07(b) | Requiring New Oath | 711.02(c) | Termination of Proceedings |
| 707.07(c) | Draftsperson's Requirement | 711.03 | Reconsideration of Holding of Abandonment; Revival |
| 707.07(d) | Language To Be Used In Rejecting Claims | 711.03(a) | Holding Based on Insufficiency of Reply |
| 707.07(e) | Note All Outstanding Requirements | | |
| 707.07(f) | Answer All Material Traversed | 711.03(b) | Holding Based on Failure To Reply Within Period |
| 707.07(g) | Piecemeal Examination | | |
| 707.07(h) | Notify of Inaccuracies in Amendment | 711.03(c) | Petitions Relating to Abandonment |
| 707.07(i) | Each Claim To Be Mentioned in Each Office Action | 711.03(d) | Examiner's Statement on Petition To Set Aside Examiner's Holding |
| 707.07(j) | State When Claims Are Allowable | 711.04 | Public Access to Abandoned Applications |
| 707.07(k) | Numbering Paragraphs | 711.04(a) | Pulling and Forwarding Abandoned Applications |
| 707.07(l) | Comment on Examples | | |
| 707.08 | Reviewing and Initialing by Assistant Examiner | 711.04(b) | Ordering of Patented and Abandoned Files |
| | | 711.04(c) | Notifying Applicants of Abandonment |
| 707.09 | Signing by Primary or Other Authorized Examiner | 711.05 | Letter of Abandonment Received After Application is Allowed |
| 707.10 | Entry | 711.06 | Abstracts, Abbreviatures, and Defensive Publications |
| 707.11 | Date | | |
| 707.12 | Mailing | 711.06(a) | Citation and Use of Abstracts, Abbreviatures, and Defensive Publications as References |
| 707.13 | Returned Office Action | | |
| **708** | **Order of Examination** | **713** | **Interviews** |
| 708.01 | List of Special Cases | 713.01 | General Policy, How Conducted |
| 708.02 | Petition To Make Special | 713.02 | Interviews Prior to First Official Action |
| 708.02(a) | Accelerated Examination | 713.03 | Interview for "Sounding Out" Examiner Not Permitted |
| 708.03 | Examiner Tenders Resignation | | |
| **709** | **Suspension of Action** | 713.04 | Substance of Interview Must Be Made of Record |
| 709.01 | Overlapping Applications by Same Applicant or Owned by Same Assignee | | |
| | | 713.05 | Interviews Prohibited or Granted, Special Situations |
| **710** | **Period for Reply** | | |
| 710.01 | Statutory Period | 713.06 | No Inter Partes Questions Discussed Ex Parte |
| 710.01(a) | Statutory Period, How Computed | 713.07 | Exposure of Other Cases |
| 710.02 | Shortened Statutory Period and Time Limit Actions Computed | 713.08 | Demonstration, Exhibits, Models |

EXAMINATION OF APPLICATIONS

| | | | | |
|---|---|---|---|---|
| 713.09 | Finally Rejected Application | | 715.01 | 37 CFR 1.131 Affidavits Versus 37 CFR 1.132 Affidavits |
| 713.10 | Interview Preceding Filing Amendment Under 37 CFR 1.312 | | 715.01(a) | Reference Is a Joint Patent or Published Application to Applicant and Another |
| **714** | **Amendments, Applicant's Action** | | 715.01(b) | Reference and Application Have Common Assignee |
| 714.01 | Signatures to Amendments | | | |
| 714.01(a) | Unsigned or Improperly Signed Amendment | | 715.01(c) | Reference Is Publication of Applicant's Own Invention |
| 714.01(c) | Signed by Attorney or Agent Not of Record | | | |
| 714.01(d) | Amendment Signed by Applicant but Not by Attorney or Agent of Record | | 715.01(d) | Activities Applied Against the Claims |
| | | | 715.02 | How Much of the Claimed Invention Must Be Shown, Including the General Rule as to Generic Claims |
| 714.01(e) | Amendments Before First Office Action | | | |
| 714.02 | Must Be Fully Responsive | | | |
| 714.03 | Amendments Not Fully Responsive, Action To Be Taken | | 715.03 | Genus-Species, Practice Relative to Cases Where Predictability Is in Question |
| 714.03(a) | Supplemental Amendment | | 715.04 | Who May Make Affidavit or Declaration; Formal Requirements of Affidavits and Declarations |
| 714.04 | Claims Presented in Amendment With No Attempt To Point Out Patentable Novelty | | | |
| 714.05 | Examiner Should Immediately Inspect | | | |
| 714.06 | Amendments Sent to Wrong Technology Center | | 715.05 | U.S. Patent or Application Publication Claiming Same Invention |
| 714.07 | Amendments Not in Permanent Ink | | 715.07 | Facts and Documentary Evidence |
| 714.10 | Claims Added in Excess of Claims Previously Paid For | | 715.07(a) | Diligence |
| | | | 715.07(b) | Interference Testimony Sometimes Used |
| 714.11 | Amendment Filed During Interference Proceedings | | 715.07(c) | Acts Relied Upon Must Have Been Carried Out in This Country or a NAFTA or WTO Member Country |
| 714.12 | Amendments and other Replies After Final Rejection or Action | | | |
| | | | 715.07(d) | Disposition of Exhibits |
| 714.13 | Amendments and other Replies After Final Rejection or Action, Procedure Followed | | 715.08 | Passed Upon by Primary Examiner |
| | | | 715.09 | Seasonable Presentation |
| 714.14 | Amendments After Allowance of All Claims | | 715.10 | Review of Affidavit or Declaration for Evidence of Prior Public Use or Sale or Failure to Disclose Best Mode |
| 714.15 | Amendment Received in Technology Center After Mailing of Notice of Allowance | | | |
| 714.16 | Amendment After Notice of Allowance, 37 CFR 1.312 | | **716** | **Affidavits or Declarations Traversing Rejections, 37 CFR 1.132** |
| 714.16(a) | Amendments Under 37 CFR 1.312, Copied Patent Claims | | 716.01 | Generally Applicable Criteria |
| | | | 716.01(a) | Objective Evidence of Nonobviousness |
| 714.16(b) | Amendments Under 37 CFR 1.312 Filed With a Motion Under 37 CFR 41.208 | | 716.01(b) | Nexus Requirement and Evidence of Nonobviousness |
| | | | 716.01(c) | Probative Value of Objective Evidence |
| 714.16(c) | Amendments Under 37 CFR 1.312, Additional Claims | | 716.01(d) | Weighing Objective Evidence |
| | | | 716.02 | Allegations of Unexpected Results |
| 714.16(d) | Amendments Under 37 CFR 1.312, Handling | | 716.02(a) | Evidence Must Show Unexpected Results |
| 714.16(e) | Amendments Under 37 CFR 1.312, Entry in Part | | 716.02(b) | Burden on Applicant |
| | | | 716.02(c) | Weighing Evidence of Expected and Unexpected Results |
| 714.17 | Amendment Filed After the Period for Reply Has Expired | | | |
| | | | 716.02(d) | Unexpected Results Commensurate in Scope With Claimed Invention |
| 714.18 | Entry of Amendments | | | |
| 714.19 | List of Amendments, Entry Denied | | 716.02(e) | Comparison With Closest Prior Art |
| 714.20 | List of Amendments Entered in Part | | 716.02(f) | Advantages Disclosed or Inherent |
| 714.21 | Amendments Inadvertently Entered, No Legal Effect | | 716.02(g) | Declaration or Affidavit Form |
| | | | 716.03 | Commercial Success |
| 714.25 | Discourtesy of Applicant or Attorney | | 716.03(a) | Commercial Success Commensurate in Scope With Claimed Invention |
| **715** | **Swearing Back of Reference — Affidavit or Declaration Under 37 CFR 1.131** | | | |

| | |
|---|---|
| 716.03(b) | Commercial Success Derived From Claimed Invention |
| 716.04 | Long-Felt Need and Failure of Others |
| 716.05 | Skepticism of Experts |
| 716.06 | Copying |
| 716.07 | Inoperability of References |
| 716.08 | Utility and Operability of Applicant's Disclosure |
| 716.09 | Sufficiency of Disclosure |
| 716.10 | Attribution |
| 718 | **Affidavit or Declaration to Disqualify Commonly Owned Patent or Published Application as Prior Art, 37 CFR 1.130** |
| 719 | **File Wrapper** |
| 719.01 | Papers in File Wrapper |
| 719.01(a) | Arrangement of Papers in File Wrapper |
| 719.01(b) | Prints |
| 719.02 | Data Entered on File Wrapper |
| 719.02(b) | Name or Residence of Inventor or Title Changed |
| 719.03 | Classification During Examination |
| 719.04 | Index of Claims |
| 719.05 | Field of Search |
| 719.06 | Foreign Filing Dates |
| 719.07 | Related Applications |
| 720 | **Public Use Proceedings** |
| 720.01 | Preliminary Handling |
| 720.02 | Examiner Determination of *Prima Facie* Showing |
| 720.03 | Preliminary Hearing |
| 720.04 | Public Use Proceeding Testimony |
| 720.05 | Final Decision |
| 724 | **Trade Secret, Proprietary, and Protective Order Materials** |
| 724.01 | Completeness of the Patent File Wrapper |
| 724.02 | Method of Submitting Trade Secret, Proprietary, and/or Protective Order Materials |
| 724.03 | Types of Trade Secret, Proprietary, and/or Protective Order Materials Submitted Under MPEP § 724.02 |
| 724.04 | Office Treatment and Handling of Materials Submitted Under MPEP § 724.02 |
| 724.04(a) | Materials Submitted in an Application Covered by 35 U.S.C. 122 |
| 724.04(b) | Materials Submitted in Reissue Applications Open to the Public Under 37 CFR 1.11(b) |
| 724.04(c) | Materials Submitted in Reexamination File Open to the Public Under 37 CFR 1.11(d) |
| 724.05 | Petition To Expunge Information or Copy of Papers in Application File |
| 724.06 | Handling of Petitions to Expunge Information or Copy of Papers in Application File |

## 701    Statutory Authority for Examination

*35 U.S.C. 131. Examination of application.*

The Director shall cause an examination to be made of the application and the alleged new invention; and if on such examination it appears that the applicant is entitled to a patent under the law, the Director shall issue a patent therefor.

The main conditions precedent to the grant of a patent to an applicant are set forth in 35 U.S.C. 101, 102 and 103.

*35 U.S.C. 101. Inventions patentable.*

Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

Form paragraph 7.04 copies 35 U.S.C. 101. See MPEP § 706.03(a).

*35 U.S.C. 100. Definitions.*

When used in this title unless the context otherwise indicates -

(a) The term "invention" means invention or discovery.

(b) The term "process" means process, art, or method, and includes a new use of a known process, machine, manufacture, composition of matter, or material.

(c) The terms "United States" and "this country" mean the United States of America, its territories and possessions.

(d) The word "patentee" includes not only the patentee to whom the patent was issued but also the successors in title to the patentee.

(e) The term "third-party requester" means a person requesting ex parte reexamination under section 302 or *inter partes* reexamination under section 311 who is not the patent owner.

## 702    Requisites of the Application [R-3]

When a new application is assigned in the Technology Center, the examiner should review the contents of the application to determine if the application meets the requirements of 35 U.S.C. 111(a). Any matters affecting the filing date or abandonment of the application, such as lack of an oath or declaration, filing fee, or claims should be checked **. For Image File Wrapper (IFW) processing, see IFW Manual sections 3.1 and 3.3.

The examiner should be careful to see that the application meets all the requisites set forth in MPEP Chapter 600 both as to formal matters and as to the completeness and clarity of the disclosure. If all of the requisites are not met, applicant may be called upon

147, 87 USPQ 303 (1950). See *Dann v. Johnston*, 425 U.S. 219, 226 n.4, 189 USPQ 257, 261 n. 4 (1976).

Examiners must consider comparative data in the specification which is intended to illustrate the claimed invention in reaching a conclusion with regard to the obviousness of the claims. *In re Margolis*, 785 F.2d 1029, 228 USPQ 940 (Fed. Cir. 1986). The lack of objective evidence of nonobviousness does not weigh in favor of obviousness. *Miles Labs. Inc. v. Shandon Inc.*, 997 F.2d 870, 878, 27 USPQ2d 1123, 1129 (Fed. Cir. 1993), *cert. denied*, 127 L. Ed. 232 (1994). However, where a *prima facie* case of obviousness is established, the failure to provide rebuttal evidence is dispositive.

## 716.01(b) Nexus Requirement and Evidence of Nonobviousness

**TO BE OF PROBATIVE VALUE, ANY SECONDARY EVIDENCE MUST BE RELATED TO THE CLAIMED INVENTION (NEXUS REQUIRED)**

The weight attached to evidence of secondary considerations by the examiner will depend upon its relevance to the issue of obviousness and the amount and nature of the evidence. Note the great reliance apparently placed on this type of evidence by the Supreme Court in upholding the patent in *United States v. Adams*, 383 U.S. 39, 148 USPQ 479 (1966).

To be given substantial weight in the determination of obviousness or nonobviousness, evidence of secondary considerations must be relevant to the subject matter as claimed, and therefore the examiner must determine whether there is a nexus between the merits of the claimed invention and the evidence of secondary considerations. *Ashland Oil, Inc. v. Delta Resins & Refractories, Inc.*, 776 F.2d 281, 305 n.42, 227 USPQ 657, 673-674 n. 42 (Fed. Cir. 1985), *cert. denied*, 475 U.S. 1017 (1986). The term "nexus" designates a factually and legally sufficient connection between the objective evidence of nonobviousness and the claimed invention so that the evidence is of probative value in the determination of nonobviousness. *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 7 USPQ2d 1222 (Fed. Cir.), *cert. denied*, 488 U.S. 956 (1988).

## 716.01(c) Probative Value of Objective Evidence [R-2]

>

**I.    < TO BE OF PROBATIVE VALUE, ANY OBJECTIVE EVIDENCE SHOULD BE SUPPORTED BY ACTUAL PROOF**

Objective evidence which must be factually supported by an appropriate affidavit or declaration to be of probative value includes evidence of unexpected results, commercial success, solution of a long-felt need, inoperability of the prior art, invention before the date of the reference, and allegations that the author(s) of the prior art derived the disclosed subject matter from the applicant. See, for example, *In re De Blauwe*, 736 F.2d 699, 705, 222 USPQ 191, 196 (Fed. Cir. 1984) ("It is well settled that unexpected results must be established by factual evidence." "[A]ppellants have not presented any experimental data showing that prior heat-shrinkable articles split. Due to the absence of tests comparing appellant's heat shrinkable articles with those of the closest prior art, we conclude that appellant's assertions of unexpected results constitute mere argument."). See also *In re Lindner*, 457 F.2d 506, 508, 173 USPQ 356, 358 (CCPA 1972); *Ex parte George*, 21 USPQ2d 1058 (Bd. Pat. App. & Inter. 1991).

>

**II.   < ATTORNEY ARGUMENTS CANNOT TAKE THE PLACE OF EVIDENCE**

The arguments of counsel cannot take the place of evidence in the record. *In re Schulze*, 346 F.2d 600, 602, 145 USPQ 716, 718 (CCPA 1965). Examples of attorney statements which are not evidence and which must be supported by an appropriate affidavit or declaration include statements regarding unexpected results, commercial success, solution of a long-felt need, inoperability of the prior art, invention before the date of the reference, and allegations that the author(s) of the prior art derived the disclosed subject matter from the applicant.

See MPEP § 2145 generally for case law pertinent to the consideration of applicant's rebuttal arguments. >

### III. < OPINION EVIDENCE

Although factual evidence is preferable to opinion testimony, such testimony is entitled to consideration and some weight so long as the opinion is not on the ultimate legal conclusion at issue. While an opinion as to a legal conclusion is not entitled to any weight, the underlying basis for the opinion may be persuasive. *In re Chilowsky*, 306 F.2d 908, 134 USPQ 515 (CCPA 1962) (expert opinion that an application meets the requirements of 35 U.S.C. 112 is not entitled to any weight; however, facts supporting a basis for deciding that the specification complies with 35 U.S.C. 112 are entitled to some weight); *In re Lindell*, 385 F.2d 453, 155 USPQ 521 (CCPA 1967) (Although an affiant's or declarant's opinion on the ultimate legal issue is not evidence in the case, "some weight ought to be given to a persuasively supported statement of one skilled in the art on what was not obvious to him." 385 F.2d at 456, 155 USPQ at 524 (emphasis in original)).

In assessing the probative value of an expert opinion, the examiner must consider the nature of the matter sought to be established, the strength of any opposing evidence, the interest of the expert in the outcome of the case, and the presence or absence of factual support for the expert's opinion. *Ashland Oil, Inc. v. Delta Resins & Refractories, Inc.*, 776 F.2d 281, 227 USPQ 657 (Fed. Cir. 1985), *cert. denied*, 475 U.S. 1017 (1986). See also *In re Oelrich*, 579 F.2d 86, 198 USPQ 210 (CCPA 1978) (factually based expert opinions on the level of ordinary skill in the art were sufficient to rebut the *prima facie* case of obviousness); *Ex parte Gray*, 10 USPQ2d 1922 (Bd. Pat. App. & Inter. 1989) (statement in publication dismissing the "preliminary identification of a human b-NGF-like molecule" in the prior art, even if considered to be an expert opinion, was inadequate to overcome the rejection based on that prior art because there was no factual evidence supporting the statement); *In re Carroll*, 601 F.2d 1184, 202 USPQ 571 (CCPA 1979) (expert opinion on what the prior art taught, supported by documentary evidence and formulated prior to the making of the claimed invention, received considerable deference); *In re Beattie*, 974 F.2d 1309, 24 USPQ2d 1040 (Fed. Cir. 1992) (declarations of seven persons skilled in the art offering opinion evidence praising the merits of the claimed invention were found to have little value because of a lack of factual support); *Ex parte George*, 21 USPQ2d 1058 (Bd. Pat. App. & Inter. 1991) (conclusory statements that results were "unexpected," unsupported by objective factual evidence, were considered but were not found to be of substantial evidentiary value).

Although an affidavit or declaration which states only conclusions may have some probative value, such an affidavit or declaration may have little weight when considered in light of all the evidence of record in the application. *In re Brandstadter*, 484 F.2d 1395, 179 USPQ 286 (CCPA 1973).

An affidavit of an applicant as to the advantages of his or her claimed invention, while less persuasive than that of a disinterested person, cannot be disregarded for this reason alone. *Ex parte Keyes*, 214 USPQ 579 (Bd. App. 1982); *In re McKenna*, 203 F.2d 717, 97 USPQ 348 (CCPA 1953).

### 716.01(d) Weighing Objective Evidence [R-6]

**IN MAKING A FINAL DETERMINATION OF PATENTABILITY, EVIDENCE SUPPORTING PATENTABILITY MUST BE WEIGHED AGAINST EVIDENCE SUPPORTING *PRIMA FACIE* CASE**

When an applicant timely submits evidence traversing a rejection, the examiner must reconsider the patentability of the claimed invention. The ultimate determination of patentability must be based on consideration of the entire record, by a preponderance of evidence, with due consideration to the persuasiveness of any arguments and any secondary evidence. *In re Oetiker*, 977 F.2d 1443, 24 USPQ2d 1443 (Fed. Cir. 1992). The submission of objective evidence of patentability does not mandate a conclusion of patentability in and of itself. *In re Chupp*, 816 F.2d 643, 2 USPQ2d 1437 (Fed. Cir. 1987). Facts established by rebuttal evidence must be evaluated along with the facts on which the conclusion of a *prima facie* case was reached, not against the conclusion itself. *In re Eli Lilly*, 902 F.2d 943, 14 USPQ2d 1741 (Fed. Cir. 1990). In other words, each piece of rebuttal evidence